IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DINA M. PARENTI,<br><br>        Plaintiff,<br><br>        v.<br><br>HILTON HOTELS CORPORATION,<br><br>        Defendant. | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

TO:    The Judges of the United States District Court
         For the Eastern District of Pennsylvania

PLEASE TAKE NOTICE that Defendant Hilton Hotels Corporation ("HHC"), hereby removes this action filed in the Court of Common Pleas of Philadelphia County, Pennsylvania, styled and numbered *Dina M. Parent v. Hilton Hotels Corporation*, June Term 2010, No. 003601. As set out more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because HHC has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332. HHC states as follows:

### THE STATE COURT ACTION

1.    On or about July 1, 2010, Plaintiff, Dina M. Parenti ("Plaintiff"), commenced this action against HHC by filing a Complaint in the Court of Common Pleas of Philadelphia County (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as Exhibit "A."

2.    Plaintiff's Complaint arises from a slip and fall accident that allegedly occurred in Plaintiff's hotel bath tub in Hawaii on August 19, 2009. See Exhibit "A," at ¶ 13.

3. Plaintiff asserts one count of negligence.

4. HHC first received notice of this action on July 19, 2010 by way of improper service of the Complaint on an Embassy Suites Hotel located in Philadelphia on or about July 2, 2010. The Embassy Suites Hotel is neither authorized to accept service on behalf of HHC, nor is it a named defendant in this action. This hotel has absolutely no affiliation or relationship with the hotel in Hawaii where Plaintiff allegedly fell.

## SUBJECT MATTER JURISDICTION

5. Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—citizens of different States."

6. This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1).

7. HHC is a Delaware corporation.

8. By Plaintiff's own admission, Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 590 Cork Circle, West Chester, PA 19380.

9. This action satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a)(1) as Plaintiff has demanded judgment against HHC in an amount exceeding $50,000, exclusive of interest and costs. Based on preliminary investigation, the matter is believed to exceed $75,000.

## REMOVAL JURISDICTION

10. This action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

11. Under Section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing

the place where such action is pending." 28 U.S.C. § 1441(a). Section 1441(b) further provides that "such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." Id. § 1441(b).

12. Plaintiffs filed this action in the Court of Common Pleas of Philadelphia County. The Eastern District of Pennsylvania is the judicial district embracing Philadelphia County, the place where the State Court Action was brought, and, therefore, is the proper district court to which this case should be removed. See 28 U.S.C. §§ 1441(a), 1446(a).

13. According to Section 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

14. An Embassy Suites Hotel located in Philadelphia, was improperly served with the Complaint on or around July 3, 2010. HHC did not receive notice of this Complaint until July 19, 2010. Therefore, pursuant to Section 1446(b), this removal is timely. Even if service was proper, which HHC denies, 30 days have not elapsed from the date of the alleged service of the Complaint.

15. Pursuant to Section 1446(a), HHC is simultaneously filing with this Notice of Removal copies of all process, pleadings, orders, and other papers or exhibits of every kind existing on file in the Court of Common Pleas of Philadelphia County, in this removed action. See 28 U.S.C. § 1446(a). Further, pursuant to Section 1446(d), HHC will file a true and correct copy of this Notice of Removal with the Clerk of the Court of Common Pleas of Philadelphia County. See 28 U.S.C. § 1446(d).

16. HHC reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

WHEREFORE, Defendant Hilton Hotels Corporation, respectfully requests that the above-described action pending against it in the Court of Common Pleas of Philadelphia County, Pennsylvania, be removed to the United States District Court for the Eastern District of Pennsylvania.

           COZEN O'CONNOR

BY:   */s/ Paul K. Leary*
      Paul K. Leary, Jr., Esquire
      Robert D. Lee, Esquire
      1900 Market Street
      Philadelphia, PA 19103
      (215) 665-2000

      *Attorneys for Defendan,t*
      *Hilton Hotels Corporation*

Dated: <u>July 30, 2010</u>

## CERTIFICATE OF SERVICE

I, Paul K. Leary, Jr., hereby certify that on the 30th day of July 2010, I served a copy of the foregoing Notice of Removal on the following via U.S. mail, postage pre-paid:

> Melissa Lang, Esquire
> HARVEY, PENNINGTON LTD.
> 1800 JFK Blvd, Suite 1300
> Philadelphia, PA  19103
> *Attorney for Plaintiff*

> /s/ Paul K. Leary
> Paul K. Leary, Jr.